IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMATHY JOSHUA TAYLOR,

          Plaintiff,

   v.

KLAMATH COUNTY SHERIFF FRANK
SKRAH, et al.,

          Defendants.

Case No. 1:17-cv-00328-SB

**ORDER OF DISMISSAL**

McShane, Judge:

      Plaintiff, a pretrial detainee at the Klamath County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 against former Klamath County Sheriff Frank Skrah, the Klamath County Sheriff's Department, the Klamath County "Jail/Detention Center," Klamath County Circuit Judge Roxanne Osborne, and Klamath County District Attorney Rob W. Patridge. The Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

///

///

1 - ORDER OF DISMISSAL

## BACKGROUND

Plaintiff is awaiting trial on a charge of murder. Compl. (ECF No. 2), Att. 1 at 30. In letters attached to his Complaint, Plaintiff states that he is wrongfully accused of murdering Fay Roy Knight because "it was lawful self-protection." *Id.*, Att. 30, 33.[1] Plaintiff complains that he called 911 numerous times concerning Knight's threatening behavior and the Klamath County Sheriff's Department failed to respond. *Id.* at 4-5 & Att. 30, 32. Plaintiff alleges that it is because of the Sheriff's Department's inaction that Knight is dead. *Id.*, Att. 30.

In an "Addendum" to his Complaint, Plaintiff alleges that Skrah failed to investigate the subsequent burglary of Plaintiff's home, Judge Osborne is biased and "obstructing justice," Klamath County officials defamed his character by bringing baseless charges and destroyed evidence, Patridge tampered and withheld evidence and obstructed justice, and inmates in the Klamath County Jail are subjected to unconstitutional conditions of confinement. Addendum to Compl (ECF No. 4) at 1-3.

Finally, Plaintiff alleges that Defendants denied him adequate medical and mental health care treatment. Compl. at 5 & Addendum (ECF No. 4) at 2-3. In his prayer for relief, Plaintiff seeks $30,000,000 in damages. Compl. at 6.

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[1] This Court considers Plaintiff's attachments to his Complaint pursuant to Fed. R. Civ. P. 10(c) which provides that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Plaintiff is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords Plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

I. **Claims One, Two, and Four**

Plaintiff's First, Second and Fourth Claims for Relief pertain to his pending state criminal prosecution. Plaintiff alleges that Skrah and the Sheriff's Department failed to respond to his 911 calls, tampered with evidence, and refused to investigate the burglary of his home. Plaintiff alleges that the conduct violated his right to self-defense, and constitutes a "dereliction of duty" and "obstruction of justice." Compl. at 4-5. Plaintiff alleges that Judge Osborne is biased, denied his motions to remove his court-appointed counsel and for discovery, and failed to enforce conditions of release placed on Skrah in an unrelated criminal proceeding.[2] Addendum to Compl. at 1-2. Plaintiff alleges in a conclusory fashion that Patridge withheld and tampered with evidence and obstructed justice.

---

[2] *See State v. Skrah*, No. 15CR039570 (Klamath County).

Absent extraordinary circumstances, this Court may not interfere with a pending state criminal proceeding that implicates important state interests. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971)). Abstention is required if (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; (3) the state proceeding provides an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin the proceeding, or have the practical effect of doing so. *ReadyLink Healthcare, Inc.*, 754 F.3d at 758; *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). Extraordinary circumstances warranting federal intervention exist "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (*quoting Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

It is apparent from the face of the Complaint that the requirements for abstention are satisfied. Plaintiff's state criminal prosecution is ongoing. The state has a vital interest in enforcing its criminal laws against conduct it believes in good faith to be punishable. Plaintiff does not allege that state law prevents him from raising his federal claims at trial or on appeal. The adjudication of Plaintiff's claims concerning the legitimacy of the criminal charges, evidence tampering, prosecutorial misconduct, and judicial bias would have the effect of enjoining the criminal proceeding. Finally, Plaintiff alleges no facts to support a finding that there are extraordinary circumstances warranting federal intervention. Accordingly, this Court must abstain from exercising jurisdiction over Claims One, Two and Four to the extent they are premised on allegations that the inaction of Skrah and the Sheriff's Department caused the death of Knight, that Skrah, the Sheriff's Department, and/or Klamath County brought false charges and/or tampered with evidence, Patridge engaged in

prosecutorial misconduct, and Judge Osborne is biased and engaged in misconduct during the course of Plaintiff's criminal prosecution.

With respect to Plaintiff's allegations regarding the conditions of confinement in the Klamath County Jail, the claim is dismissed to the extent that Plaintiff purports to bring the claim on behalf of other inmates. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has no authority to appear as attorney for others). If Plaintiff is alleging that he personally was deprived of adequate food, Plaintiff has failed to allege facts giving rise to a reasonable inference that any of the Defendants were personally involved in the constitutional violation, or that he was denied adequate food pursuant to a county policy or custom. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that in order to state a § 1983 claim, the plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (in order to state a § 1983 claim against a county, the plaintiff must allege facts to support a reasonable inference that (1) the county had a policy or custom that was the moving force behind the constitutional violation; or (2) the county failed to properly train its officers and the failure to train amounts to deliberate indifference to plaintiff's rights).

With respect to Plaintiff's allegation that the Sheriff's Department failed to investigate the theft of Plaintiff's personal belongings from his home, the claim is dismissed on the basis that it does not give rise to a constitutional violation. It is well settled that due process protections are not triggered by the loss of property caused by the negligent act of an official. *Daniels v. Williams,* 474 U.S. 327, 328, 332-33 (1986). Moreover, the intentional deprivation of property does not violate the Due Process Clause provided that adequate state post-deprivation remedies, such as a tort claim, are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

## II. Claim Three

In Plaintiff's Third Claim for Relief, he alleges:

> Denied medical services, Treatment, Supplies and Prescriptions. No physical health [care] for Back and arthritis. No mental health [care] for ADD, Depression or PTSD. Klamath County Jail medic Reportedly still has not received my medical records after 9 months in which I had found out county medic had not sent for my medical records. Doctors Office never Received any Release forms from Klamath County.

Compl. at 5.

Plaintiff fails to state a claim because he has not linked any of the factual allegations to specific Defendants, and he has not alleged facts giving rise to a reasonable inference that the Defendants were deliberately indifferent to his serious medical needs. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal of complaint which failed to "say which wrongs were committed by which defendants. . . ."). Plaintiff is advised that in order to state a § 1983 claim for the denial of adequate medical or mental-health care, he must allege facts to support a reasonable inference that the Defendants were deliberately indifferent to his serious medical needs. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). "A prison official cannot be liable for deliberate indifference unless he or she knows of and disregards an excessive risk to inmate health or safety." *Id.* at 1018 (internal quotations omitted). Because Plaintiff is a pretrial detainee, his claim arises under the Fourteenth Amendment rather than the Eighth. *Id.* at 1017.

///

///

///

///

///

## CONCLUSION

Based on the foregoing, this Court dismisses Plaintiff's Complaint (ECF No. 2), without prejudice. Plaintiff may file an Amended Complaint, within thirty days of the date of this Order, curing the deficiencies noted above with respect to his claims of unconstitutional conditions of confinement and the denial of adequate medical or mental-health care *only*. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 17 day of June, 2017.

Michael J. McShane
United States District Judge